No. 6685.

STATE EX REL. P. G. LABARRE VS. THE JUDGE OF THE SUPERIOR DISTRICT COURT.

A relator who, having obtained from one of the justices of this court an order upon the lower judge to shew cause why a *mandamus* should not issue to compel him to grant a suspensive appeal, neglects to file the papers in court or to obtain the writ in ten months, loses his remedy by his own laches. Ignoring the order he had obtained, and neglecting the use of the means of relief which it would have afforded until the time in which a suspensive appeal is permitted has passed, his own conduct has deprived him of relief.

FOR *Mandamus.*

*A. & W. Voorhies* for Relator.　*Braughn* for Fischel.

MANNING, C. J.　Final judgments were rendered against the relator in the two cases by the Superior District Court of this city, decreeing that Lewis Fischel be put in possession of certain property

of the relator which he had purchased at a forced sale. These judgments were signed August 7, 1876, and the relator applied for a suspensive appeal from them, which was refused. Thereupon she obtained from one of the justices of this court an order for the judge to show cause on first Monday of November, 1876, why the writ of *mandamus* should not issue, compelling him to grant the appeal. This order was made August 16th of that year.

The papers were not filed in this court, and no alternative writ was applied for as was permitted and ordered by the justice. On the abolition of the Superior District Court, its records were transferred to the Third District Court, and on May 31, 1877, application was made anew for an order to show cause why the *mandamus* should not issue to the judge of that court, and this was granted. Answers have been filed by the judge of the Third Court, and by Fischel. The papers were not filed in this court until May 31st, of the present year, nor was there any attempt by the relator to obtain from the clerk before that day any alternative writ.

The relator has lost her remedy by her own laches. Her application to Mr. Justice Morgan was in time, and his order is dated August 16, 1876, but she failed to file her petition until nearly ten months had elapsed, nor did she sooner apply for the writ which had been ordered to issue. Neglecting to avail herself of the means of relief thus afforded, and ignoring the order she had herself obtained, she permitted the time, in which a suspensive appeal is permitted, to elapse. On the 31st of May, 1877, she obtained a new order from one of the present justices directed to the judge of the Third Court, who had never been asked for an appeal, and had never refused it. The application must be considered as made of that date, and is too late.

*It is therefore ordered that the peremptory writ of mandamus is denied at the cost of the relator.*